Scott DeSimone, Esq. Informal Opinion Town Attorney No. 2002-3 Town of Riverhead Office of the Town Attorney 200 Howell Avenue Riverhead, New York 14150
Dear Mr. DeSimone:
You have inquired as to whether the Town of Riverhead may abolish the elected position of receiver of taxes following the procedures set forth in Town Law § 36.
You advise that the Town is a second class town under the laws of the State of New York, and is located in Suffolk County. See Town Law §10. Town Law § 20(1)(b) provides that every town of the second class shall have, inter alia, the elected position of collector. However, the State Legislature, pursuant to the Suffolk County Tax Act (L. 1920, c. 311) (the "Act") abolished the position of collector in towns in Suffolk County, and provided instead that each such town shall have the elected position of receiver of taxes. See Act, §§ 15, 16. You have advised that the Town currently has this position.
Town Law § 36(1) provides that in any town of the second class in which the office of tax collector or receiver of taxes exists, the town board may by timely resolution determine that said office be abolished, and transfer the functions of the officer to the town clerk. There is no equivalent provision in the Act. Accordingly, you inquire whether the provisions of Town Law § 36(1) authorize the Town to abolish the position of receiver of taxes, which was created pursuant to the Act.
On its face, Town Law § 36(1) provides authority to abolish the position of receiver of taxes. The only question is whether the Act, which mandates that in Suffolk County towns, the position of collector be abolished and replaced with the position of receiver, renders that authority null in this instance. We conclude that it does not.
By abolishing the position of collector of taxes and replacing it with the position of receiver of taxes, the State Legislature, in enacting the Suffolk County Tax Act, preempted Town Law § 20(1)(b) with respect towhich officer may be responsible for receiving taxes in towns in Suffolk County. However, nothing in the Act expressly or impliedly affects the independent authorization, set forth in Town Law § 36(1), to abolish either of those offices.
There are two reasons for this conclusion. First, as you note, Section 32 of the Act expressly states that the Act prevails only where it conflicts with the RPTL; it does not indicate that the Act would also prevail should it conflict with any provisions of the Town Law. Thus, Section 32 itself could be read to explicitly preserve the authority to abolish provided by Town Law § 36(1). Second, the structure of the Town Law provisions governing town officers indicates that a statutory directive to establish a town office and authority to abolish that office are distinct. The Town Law includes several provisions directing or authorizing the establishment of certain offices. See, e.g., § 20(1)(a) (town receiver); § 20(1)(b) (town collector); § 20(3)(b) (town comptroller); § 20(3)(c) (deputy receiver of taxes). Authorization for the abolishment of these offices is separately provided for. See, e.g., § 36(1) (town collector or receiver); § 20(3)(b) (comptroller); § 20(3)(c) (deputy receiver of taxes). These distinct grants of authority suggests that a provision such as the Suffolk County Tax Act, which authorizes the establishment of an office, does not affect or preempt any independent authority to abolish that office.
The Attorney General renders formal opinions only to officers and departments of state government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
By____________________________
WILLIAM E. STORRS
Assistant Solicitor General